UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GARRETT MICHAEL MCCOY,<br><br>　　　　　　Petitioner,<br><br>v.<br><br>JOSH TEWALT, Director of the Idaho Department of Correction,<br><br>　　　　　　Respondent. | Case No. 1:24-cv-00432-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

　　　　Pending before the Court is a Petition for Writ of Habeas Corpus filed by Idaho state prisoner Garrett Michael McCoy, challenging Petitioner's state court conviction. *See* Dkts. 3, 12. Respondent has filed a Motion for Summary Dismissal,[1] and Petitioner has filed a Motion for Leave to Conduct Extensive Discovery and a Motion for Appointment of Counsel. *See* Dkts. 20, 21, 23. All three motions are now ripe for adjudication.

　　　　The Court takes judicial notice of the records from Petitioner's state court proceedings, which have been lodged by Respondent. Dkt. 25. *See* Fed. R. Evid. 201(b). Having carefully reviewed the record, including the state court record, the Court finds that oral argument is unnecessary. *See* D. Idaho L. Civ. R. 7.1(d). Accordingly, the Court enters the following Order denying Plaintiff's motions and granting Respondent's Motion for Summary Dismissal.

---

[1] The Court will grant Respondent's Motion for Extension of Time and deem the Motion for Summary Dismissal timely.

MEMORANDUM DECISION AND ORDER - 1

## BACKGROUND

The facts underlying Petitioner's conviction are set forth clearly and accurately in *McCoy v. State*, Docket No. 48746, (Idaho Ct. App. November 2, 2022) (unpublished), which is contained in the record at State's Lodging D-4. The facts will not be repeated here except as necessary to explain the Court's decision.

In a jury trial in the Fourth Judicial District Court in Ada County, Idaho, Petitioner was convicted of grand theft. Petitioner then pleaded guilty to a persistent violator enhancement. *State's Lodging A-2* at 173. Petitioner was sentenced to a unified term of fourteen years in prison with four years fixed. *Id*. at 174.

Petitioner filed a direct appeal, arguing that there was a fatal variance between the amended information and the jury instructions—a claim that is not asserted in this case. The Idaho Court of Appeals affirmed. *State's Lodging B-4*. Petitioner filed a petition for review with the Idaho Supreme Court, which was denied on November 21, 2019. *State's Lodging B-6*.

While his direct appeal was still pending, Petitioner filed a post-conviction petition in the state district court. *State's Lodging C-2* at 6–12. This proceeding was stayed pending the outcome of the direct appeal. After the Idaho Supreme Court denied the petition for review in Petitioner's direct appeal, the post-conviction proceeding was reopened, and Petitioner was appointed counsel. *Id*. at 41–42. The state district court later dismissed the petition. *Id*. at 197–206.

Petitioner appealed the dismissal of his post-conviction petition, arguing that he received ineffective assistance of trial counsel when counsel conceded his guilt to a lesser

included offense. *State's Lodging D-1*. The Idaho Court of Appeals affirmed the dismissal of Petitioner's post-conviction petition. *State's Lodging D-4*. The Idaho Supreme Court denied review, and issued the remittitur, on February 9, 2023. *State's Lodging D-7*; *D-8*.

On September 13, 2024, at the earliest,[2] Petitioner filed the instant federal habeas corpus petition asserting two claims. *See* Dkt. 3. Claim 1 asserts ineffective assistance of trial counsel. Claim 2 asserts trial error with respect to evidence that was allegedly altered. *Id*.

The Court previously reviewed the Petition and allowed Petitioner to proceed on his claims to the extent those claims "(1) are cognizable—meaning they actually can be heard—in a federal habeas corpus action, (2) were timely filed in this Court, and (3) were either properly exhausted in state court or are subject to a legal excuse for any failure to exhaust in a proper manner." Dkt. 14 at 3.

Respondent now argues that all of Petitioner's claims are barred by the one-year statute of limitations and that Claim 2 is procedurally defaulted without excuse.

## DISCUSSION

Before the Court considers Respondent's Motion for Summary Dismissal, it must address Petitioner's Motion for Leave to Conduct Extensive Discovery and Motion for Appointment of Counsel.

---

[2] **Error! Main Document Only.**Prisoners are usually entitled to the benefit of the "mailbox rule," which provides that a legal document is deemed filed on the date a petitioner delivers it to the prison authorities for filing by mail, rather than the date it is actually filed with the clerk of court. *See Houston v. Lack*, 487 U.S. 266, 270 (1988).

MEMORANDUM DECISION AND ORDER - 3

1.  **Petitioner's Motion for Leave to Conduct Extensive Discovery**

Petitioner moves for leave to conduct discovery by way of requests for production. Petitioner seeks the following: (1) copies of "emails, CIS, C-Notes, ILets, NCIC, IDOC" documents relating to Petitioner's incarceration in prison; (2) copies of "all documents on record with the [Idaho Department of Correction] and Ada County Jail"; (3) copies of "audio/video" in several state criminal cases against Petitioner, not all of which are the subject of the instant habeas petition; (4) copies of documents from defense attorneys and grievances or disciplinary documents against those attorneys; (5) copies of "arrest warrants, board warrants, agent warrants, report of violations, CODI, grievances, request, letters, correspondence from staff, Probation and Parole Commission" pertaining to Petitioner; (6) copies of "judicial complaints and/or grievances made by" Petitioner; (7) copies of disciplinary reports regarding a Garden City police officer; (8) copies of "LSI and PSI reports" pertaining to Petitioner; and (9) copies of "any and all documents, photos, recordings, or tangible things pertaining to the facts alleged" in the Petition. *See* Dkt. 21.

Habeas petitioners, unlike traditional civil litigants, are not entitled to discovery as a matter of course. *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Instead, a habeas petitioner must first seek leave of court to conduct discovery, and such leave may be granted only upon a showing of good cause. *See* Rule 6(a) of the Rules Governing Section 2254 Cases ("Habeas Rules"). A petitioner has generally shown good cause when there is "reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to relief." *Bracy*, 520 U.S. at 908-09 (internal quotation marks and alteration omitted).

MEMORANDUM DECISION AND ORDER - 4

However, a request for discovery must be supported by specific factual allegations. Habeas corpus "was never meant to be a fishing expedition for habeas petitioners to explore their case in search of its existence." *Rich v. Calderon*, 187 F.3d 1064, 1067 (9th Cir. 1999) (internal quotation marks omitted). If good cause is shown, the extent and scope of discovery is within the court's discretion. *See* Habeas Rule 6(a).

Here, Petitioner has not explained how any of the requested discovery relates to Respondent's argument that Petitioner's claims are untimely or that Claim 2 is procedurally defaulted. Petitioner certainly has not supported his request for discovery with specific factual allegations. Accordingly, the Court will deny Petitioner's Motion for Leave to Conduct Extensive Discovery.

2.  **Petitioner's Motion for Appointment of Counsel**

Petitioner seeks appointment of counsel on the grounds that he is indigent and lacks access to a copy machine, a computer, or research materials. Dkt. 23 at 1.

There is no constitutional right to counsel in a habeas corpus action. *Coleman v. Thompson*, 501 U.S. 722, 755 (1991). However, if counsel is necessary for effective discovery or if an evidentiary hearing is required, a habeas petitioner has the right to counsel as provided by rule. *See* Habeas Rules 6(a) & 8(c). In addition, the Court may exercise its discretion to appoint counsel for an indigent habeas petitioner in any case where required by the interests of justice. 28 U.S.C. § 2254(h); 18 U.S.C. § 3006A(a)(2)(B). Whether counsel should be appointed turns on a petitioner's ability to articulate his claims pro se in light of the complexity of the legal issues and his likelihood of success on the merits. *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (per curiam).

MEMORANDUM DECISION AND ORDER - 5

Neither discovery nor an evidentiary hearing has been ordered in this case, so Petitioner is not entitled to counsel under the Habeas Rules. Further, it appears from Petitioner's filings that he has been able to adequately bring his claims and protect his interests to date. And, as explained below, the Petition is subject to dismissal as untimely. Therefore, Petitioner does not have a likelihood of success on the merits.

The Court understands that Petitioner does not have legal training or legal resources, and the Court independently reviews the case citations and references provided by Respondent for accuracy and applicability. The Court also does its own research to determine whether other cases not cited by Respondent apply. Finally, the appellate review process before the United States Court of Appeals for the Ninth Circuit is available to ensure that the case has been adjudicated according to the proper legal standards. Accordingly, the Court will deny Petitioner's Motion for Appointment of Counsel.

3.  **Respondent's Motion for Summary Dismissal**

Habeas Rule 4 authorizes the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any attached exhibits," as well as those records subject to judicial notice, "that the petitioner is not entitled to relief in the district court." Habeas Rule 4. Where appropriate, as here, a respondent may file a motion for summary dismissal, rather than an answer. *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989).

Respondent argues that all of Petitioner's claims are untimely and that Claim 2 is procedurally defaulted. For the following reasons, the Court concludes that the Petition is barred by the one-year statute of limitations. Therefore, the Court need not address

Respondent's procedural default argument.

### A.     Standards of Law

The Antiterrorism and Effective Death Penalty Act ("AEDPA") generally requires a petitioner to seek federal habeas corpus relief within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."[3] 28 U.S.C. § 2244(d)(1)(A). Under 28 U.S.C. § 2244(d)(1)(A), the date of "finality" that begins the one-year time period is marked as follows, depending on how far a petitioner pursues his case:

**Action Taken** | **Finality Occurs**

| Action Taken | Finality Occurs |
|---|---|
| No appeal is filed after state district court order or judgment | 42 days later, *see* Idaho Appellate Rule 14 |
| Appeal is filed and Idaho Court of Appeals issues a decision, but no petition for review is filed with the Idaho Supreme Court | 21 days later, *see* Idaho Appellate Rule 118 |
| Appeal is filed and Idaho Supreme Court issues a decision or denies a petition for review of an Idaho Court of Appeals | 90 days later, *see* United States |

---

[3] Several other triggering events for the statute of limitations exist—but are less common—and are set forth in subsections 2244(d)(1)(B)-(D):

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

MEMORANDUM DECISION AND ORDER - 7

| | |
|---|---|
| decision, and Petitioner does not file a petition for writ of certiorari with the United States Supreme Court | Supreme Court Rule 13 |
| After Idaho Supreme Court issues a decision or denies a petition for review, Petitioner files a petition for writ of certiorari to the United States Supreme Court, and the petition is denied | Date of denial |
| After Idaho Supreme Court issues a decision or denies a petition for review, Petitioner files a petition for writ of certiorari to the United States Supreme Court, the petition is granted, and the United States Supreme Court issues a decision | Date of decision |

In each of the above instances, if the petitioner stops pursuing the case and does not take the next step within the time specified, "finality" is measured from entry of final judgment or order, not from a remittitur or mandate, which are mere formalities. *Gonzalez v. Thaler*, 565 U.S. 134, 150-51 (2012); *Clay v. United States*, 537 U.S. 522, 529 (2003); *Wixom v. Washington*, 264 F.3d 894, 898 n.4 (9th Cir. 2001).

The one-year statute of limitations can be tolled (or paused) under certain circumstances. AEDPA provides for tolling for all of "[t]he time during which a properly filed application for State post-conviction or other collateral review … is pending." 28 U.S.C. § 2244(d)(2). Thus, to the extent a petitioner properly filed an application for post-conviction relief or other collateral challenge in state court, the one-year federal limitations period stops running on the filing date of the state court action and resumes when the action is completed.

To determine the date when a petitioner's state court post-conviction action concluded, the Court looks to state law. *See Carey v. Saffold*, 536 U.S. 214, 219–20 (2002).

Under Idaho law, an appellate case remains pending until a remittitur is issued. *Jakoski v. State*, 32 P.3d 672, 679 (Idaho Ct. App. 2001). Thus, for federal statute of limitations purposes, a collateral relief application in Idaho is deemed "pending" until the state court issues the remittitur.

"Pending," as set forth in § 2244(d)(2), does not include the time period for filing a petition for writ of certiorari before the United States Supreme Court to challenge denial of a collateral review petition. *Lawrence v. Florida*, 549 U.S. 327, 337 (2007). Thus, for purposes of calculating the federal statute of limitations, this statutory tolling provision applies only to "pending" actions; therefore, the additional 21-day, 42-day, and 90-day time periods associated with the calculation of finality after direct appeal are *not* applied to extend the tolling periods for post-conviction actions.

In addition to statutory tolling, equitable tolling can also suspend the one-year limitations period. A habeas petitioner "is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (internal quotation marks and alteration omitted). The petitioner bears the burden of showing a factual basis for equitable tolling. *United States v. Marolf*, 173 F.3d 1213, 1318 at n. 3 (9th Cir. 1999).

In addition to statutory and equitable tolling, the statute of limitations is subject to an actual innocence exception, also referred to as the miscarriage-of-justice exception.

*McQuiggin v. Perkins*, 569 U.S. 383, 393–94 (2013); *Lee v. Lampert*, 653 F.3d 929, 937 (9th Cir. 2011) (en banc). Actual innocence in this context means "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 624 (1998).

In asserting actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). A time-barred claim may be heard under the actual innocence exception only if "in light of all of the evidence, 'it is more likely than not that no reasonable juror would have found [Petitioner] guilty beyond a reasonable doubt.'" *United States v. Avery*, 719 F.3d 1080, 1083 (9th Cir. 2013) (quoting *Schlup*, 513 U.S. at 327). Stated another way, it must be more likely than not that *every* reasonable juror would vote to acquit.

This extremely demanding standard "permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006). A court considering whether a petitioner has established actual innocence must consider "all the evidence, old and new, incriminating and exculpatory, admissible at trial or not." *Lee v. Lampert*, 653 F.3d 929, 938 (9th Cir. 2011) (en banc) (internal quotation marks omitted).

### B. The Petition Is Barred by the Statute of Limitations

Because Petitioner did not file a petition for writ of certiorari with the United States Supreme Court, Petitioner's conviction became final on February 20, 2020—90 days after the Idaho Supreme Court denied review in his direct appeal on November 21, 2019. 28 U.S.C. § 2244(d)(1)(A); United States Supreme Court Rule 13.

Petitioner filed his post-conviction petition before his direct appeal was concluded. *See State's Lodging C-2* at 6–12. Thus, under the statutory tolling provision of § 2244(d)(2), the limitations period did not begin to run until February 10, 2023, the day after the Idaho Supreme Court issued the remittitur in Petitioner's post-conviction appeal. *See State's Lodging D-8*.

Accordingly, Petitioner's federal petition was due on or before February 10, 2024. The Petition in this case, however, was not filed until September 13, 2024—nearly seven months too late. Unless Petitioner can establish that he is entitled to equitable tolling or to the application of the actual innocence exception, the Petition must be dismissed as untimely.

As stated above, equitable tolling applies if (1) the petitioner has pursued his rights diligently, and (2) extraordinary circumstances stood in the way and prevented a timely filing. *Holland*, 560 U.S. at 649. Petitioner has not satisfied either prong of this analysis.

With respect to the first prong of equitable tolling, "whether a petitioner acted with reasonable diligence is a fact-specific inquiry." *Fue v. Biter*, 842 F.3d 650, 654 (9th Cir. 2016). For a petitioner to satisfy the diligence prong, he "must show that he has been reasonably diligent in pursuing his rights not only while an impediment to filing caused by an extraordinary circumstance existed, but before and after as well, up to the time of filing his claim in federal court." *Smith v. Davis*, 953 F.3d 582, 598–99 (9th Cir. 2020) (en banc).

The second prong of equitable tolling requires extraordinary circumstances that prevented a timely filing. Equitable tolling is not justified by mere oversight or negligence. *Sossa v. Diaz*, 729 F.3d 1225, 1229 (9th Cir. 2013).

MEMORANDUM DECISION AND ORDER - 11

Additionally, there must be a causal link between the extraordinary circumstance and the untimeliness of the petition. However, this causal nexus requirement "does not impose a rigid impossibility standard on litigants, and especially not on pro se prisoner litigants." *Smith*, 953 F.3d at 600 (internal quotation marks omitted).

In an attempt to show entitlement to equitable tolling, Petitioner asserts that he has had unspecified mental health issues but that he "filed as much as [he] could." Dkt. 3 at 13. He also complains about his trial counsel and the trial judge, as well as purported inadequacies in Idaho public defense system. Such vague allegations are insufficient to meet Petitioner's heavy burden of showing that he acted diligently and that he was prevented from filing a timely petition by extraordinary circumstances beyond his control.

Petitioner does not expressly invoke the actual innocence exception to the statute of limitations. Nonetheless, mindful of Petitioner's pro se status, the Court has thoroughly reviewed the record to determine whether that exception might apply. Petitioner has submitted no new, reliable evidence of actual innocence. Accordingly, the miscarriage-of-justice exception does not apply to excuse Petitioner's untimely filing.

## CONCLUSION

For the foregoing reasons, the Court must dismiss the Petition as barred by the one-year statute of limitations. *See* 28 U.S.C. § 2244(d).

## ORDER

**IT IS ORDERED:**

1. Respondent's Motion for Extension of Time (Dkt. 18) is GRANTED, and the Motion for Summary Dismissal is deemed timely.

2. Petitioner's Motion for Leave to Conduct Extensive Discovery (Dkt. 21) is DENIED.

3. Petitioner's Motion for Appointment of Counsel (Dkt. 23) is DENIED.

4. Respondent's Motion for Summary Dismissal (Dkt. 20) is GRANTED, and the Petition is DISMISSED with prejudice.

5. The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Habeas Rule 11.

DATED: November 12, 2025

David C. Nye
Chief U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 13